UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MATTHEW ARACICH,

               Plaintiff,

        -v-                                    Civil No.: 21-CV-9622

                                                 **<ins>JURY TRIAL DEMANDED</ins>**

THE BOARD OF TRUSTEES OF THE
EMPLOYEE BENEFIT FUNDS OF HEAT & FROST
INSULATORS LOCAL 12, THE EMPLOYEE
BENEFIT FUNDS OF HEAT & FROST INSULATORS
LOCAL 12, THE BOARD OF TRUSTEES OF THE
PENSION FUND OF HEAT AND FROST INSULATORS
LOCAL 12 PLAN, THE PENSION FUND OF HEAT
AND FROST INSULATORS LOCAL 12 PLAN,
THE BOARD OF TRUSTEES OF THE HEAT
AND FROST INSULATORS LOCAL 12 WELFARE
FUND, THE HEAT AND FROST INSULATORS
LOCAL 12 WELFARE FUND, AL WASSELL,
in his capacity as Fund Manager of THE
EMPLOYEE BENEFIT FUNDS OF HEAT & FROST
INSULATORS LOCAL 12, and John Does 1-10, whose
identities are currently unknown, constituting the trustees,
plan administrators or fiduciaries of the Employee Benefit
Funds of Heat & Frost Insulators Local 12 and the
Pension Fund of Heat and Frost Insulators Local 12
and the Heat and Frost Insulators Local 12 Welfare Fund,

               Defendants, individually and jointly
               and severally liable,
-------------------------------------------------------------------X

**<ins>COMPLAINT</ins>**

SIRS:

     The Plaintiff, Matthew Aracich, by his attorneys, Trivella & Forte, LLP, complaining of

the Defendants, the Board of Trustees of the Employee Benefit Funds of Heat & Frost Insulators

Local 12, The Employee Benefit Funds of Heat & Frost Insulators Local 12, the Board of

Trustees of the Pension Fund of Heat and Frost Insulators Local 12 Plan, the Pension Fund of

Heat and Frost Insulators Local 12 Plan, the Board of Trustees of the Heat and Frost Insulators

Local 12 Welfare Fund, the Heat and Frost Insulators Local 12 Welfare Fund, Al Wassell, in his

capacity as Fund Manager of the Employee Benefit Funds of Heat & Frost Insulators Local 12,

and John Does 1-10, whose identities are currently unknown, constituting the trustees, plan

administrators or fiduciaries of the Employee Benefit Funds of Heat & Frost Insulators Local 12

and the Pension Fund of Heat and Frost Insulators Local 12 Plan and the Heat and Frost

Insulators Local 12 Welfare Fund (collectively hereinafter the "Defendants" or "Funds" or

"Plans"), alleges:

## NATURE OF ACTION AND JURISDICTION

1.      Plaintiff alleges that the Defendants violated Section 204(g), 29 U.S.C. § 1054(g),

and other sections of the Employee Retirement Income Security Act ("ERISA") and state and federal

common law, by denying or suspending Plaintiff's Pension Fund of Heat and Frost Insulators Local

12 monthly retirement benefits by, *inter alia*, improperly finding the Plaintiff is engaged in

disqualifying employment, is "not retired," or otherwise finding Plaintiff is not eligible for a

pension, retiree health, and other benefits under the terms of the Pension Fund of Heat and Frost

Insulators Local 12 and Defendants' employee benefit funds, by improperly redefining the

disqualifying employment rules after Plaintiff was vested in his Pension Fund of Heat and Frost

Insulators Local 12 benefits in violation of ERISA's "anti-cutback" rule (29 U.S.C. § 1054),

improperly denying Plaintiff retirement health insurance available under the Heat and Frost

Insulators Local 12 Welfare Fund, and by denying Plaintiff's benefits Defendants disparately treated

Plaintiff compared with other pensioners and retirees for an improper retaliatory and discriminatory

motive. Plaintiff seeks his damages including but not limited to retroactive and prospective pension

and retiree health benefits and the costs and attorneys' fees of this action together with such other

legal and equitable relief the Court deems proper.

2.      Plaintiffs also seek judgment declaring a construction of the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund plan documents that would determine that the denial or suspension of Plaintiff's monthly retirement pension and health benefits violated those plan documents, and otherwise enjoining the Defendants and those acting in concert with them, from denying or disqualifying Plaintiff from receiving benefits, including but not limited to his pension benefits and retiree health benefits, from the Defendants' employee benefit plans. Section 502 of ERISA, 29 U.S.C. § 1132(a)(3), allows a participant to enjoin any act or practice which violates the terms of an employee benefit plan.

3.      This is a civil action brought pursuant to §§502(a) (1) (B), §§502(a) (3) and § 510 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132, and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185 ("Taft-Hartley Act").

4.      Plaintiff brings this action to for an order:

a.          To recover the value of Plaintiff's benefits wrongly denied by the Defendants;

b.          for injunctive relief imposing a constructive trust or equitable lien on the funds or property identified or segregated in a separate account as belonging to the Plaintiff or representing monies or benefits vested or accruing on behalf of the Plaintiff in the Defendants' possession, custody and control;

c.          requiring the Defendants and each of them to take all steps necessary to achieve ERISA compliance regarding Plaintiff's entitlement to benefits in the Defendants' employee benefit funds including but not limited to the entitlement to commence pension benefits and retiree health insurance retroactive to February 26, 2021 and prospectively;

d.          compelling the Defendants to immediately commence payment of
Plaintiff's benefits in the Pension Fund of Heat and Frost Insulators Local 12 and the Heat and
Frost Insulators Local 12 Welfare Fund, together with any retroactive payment to which he is
entitled, and any other benefit to which the Plaintiff is entitled in the Defendants' employee
benefit funds;

e.          granting a declaratory judgment that Plaintiff is vested in his benefits
under the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators
Local 12 Welfare Fund and entitled to an immediate pension and retiree health insurance and
other benefits under those funds, and Defendants' denial of Plaintiff's vested and accrued
benefits in the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators
Local 12 Welfare Fund, including but not limited to Defendants improperly determining Plaintiff
was engaged in disqualifying employment and has "never ceased working for the NSBCTC, you
are not eligible under the terms of the Plan to commence receiving a pension benefit at this
time," was arbitrary and capricious, an abuse of discretion, contrary to the Pension Fund of Heat
and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund plan
documents, and contrary to the Employee Retirement Income Security Act of 1974 and federal
common law.

f.          A declaratory judgment that  Plaintiff was not provided with proper notice
of his rights under the Defendants' plans or with proper notice of the denial of his claims
regarding these Plans or to otherwise satisfy the notice and disclosure requirements of ERISA
relating to the Defendants' employee benefit funds, for the Defendants' failure to keep proper
documentation relating to the Plans as required by ERISA, the Defendants' failure to provide the
Plaintiff with a summary plan description and plan documents as required by 29 U.S.C. § 1024

and failure to provide the Plaintiff with proper notice of any amendments to the Defendants'

employee benefit plans, including but not limited to providing Plaintiff with proper notice of

what constitutes disqualifying employment and the eligibility to retire under the Pension Fund of

Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund and to

otherwise provide the Plaintiff with disclosure, discovery and inspection relating to the

Defendants' Plans pursuant to ERISA Section 406.

        g.        The Plaintiff also alleges concomitant state causes of action for breach of

contract for the Defendants' continuing breach of contractual obligations to pay certain benefits

under the Defendants' employee benefit plans, to the Plaintiff and to otherwise comply with the

terms and conditions of the agreements and obligations between the Plaintiff and the Defendants,

including payment of Plaintiff's pension and retiree health insurance.

        5.        Jurisdiction of this Court is invoked under the following statutes:

        a.        Sections 502 and 510 of ERISA (29 U.S.C. §1132);
        b.        Section 301 of the Taft-Hartley Act (29 U.S.C. §185);
        c.        28 U.S.C. §1331 (federal question) since Plaintiff alleges a violation of ERISA,
29 U.S.C. §§ 1001-1461;
        d.        28 U.S.C. §1337 (civil actions arising under Act of Congress regulating
commerce); and
        e.        Principles of pendent jurisdiction.

        6.        Venue properly lies in the Southern District of New York under Section 301 of

the Taft-Hartley Act (29 U.S.C. § 185) and under Section 502(e) (2) of ERISA (29 U.S.C. §

1132(e) (2)) since Plaintiff resides in the Southern District of New York and a substantial part of

the events or omissions giving rise to the claim occurred in the Southern District of New York.

Service of process may be made on Defendants in any district in which it may be found pursuant

to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

7.      Plaintiff, Matthew Aracich, is the president of the  Building and Construction Trades Council of Nassau and Suffolk Counties, AFL-CIO and former business manager of the Heat and Frost Insulators Local 12. Plaintiff currently resides at 226 Union Avenue Harrison, NY 10528. Plaintiff was and is at all times relevant to this action a citizen of the State of New York.

8.      The Employee Benefit Funds of Heat & Frost Insulators Local 12, including the Pension Fund of Heat and Frost Insulators Local 12 Plan and the Heat and Frost Insulators Local 12 Welfare Fund are Taft-Hartley employee benefit plans and an employee benefit pension plan and employee benefit welfare fund as those terms are defined by 29 U.S.C. § 1002(2)(A), administered at 15-32 127th Street – Third Floor- College Point – NY 11356-2332.

9.      Defendant Al Wassell is sued only in his representative capacity as Fund Manager of the Defendants' employee benefit funds.

10.     Additionally the Plaintiff sues John Does 1-10, whose identities are currently unknown, constituting the trustees, plan administrators or fiduciaries of Defendants' employee benefit funds involved in the decision to deny Plaintiff his benefits under the Defendants' employee benefit funds.

## FIRST CAUSE OF ACTION
## (ERISA VIOLATION)

11.     The Plaintiff repeats and realleges each and every allegation above as if set forth at length herein.

12.      The Plaintiff retired from his position at Heat and Frost Insulators Local 12 on Friday February 26, 2021 and sent a February 26, 2021 letter to Defendants Al Wassell notifying the Defendants that "I will be retiring from Local Union 12 effective 4 P.M. today, Friday February 26, 2021. I expect my retirement also includes maintaining health coverage with the

health care provided by the funds…please send all of the necessary paperwork to my home address listed below and I will comply with the procedures necessary to process the retirement." Plaintiff was 60 years old at the time with over 30 years of service credits. Plaintiff also tendered remittance checks to the Funds for his health coverage for the months of November 2020 through February 2021 pursuant to a participation agreement between the Defendants' Funds and the Building and Construction Trades Council of Nassau and Suffolk Counties, AFL-CIO.

13.     Defendants improperly refused to credit Plaintiff with health coverage for the period past January 1, 2021. The Funds' Manager, Defendant Al Wassell, sent a letter  dated February 11, 2021 to the Plaintiff stating, in relevant part:

> The Funds are in receipt of remittance checks for your benefits for the months of November 2020, December 2020, January 2021and February 2021, as the only participant covered under the Participation Agreement (the "Agreement") between the Funds and the Nassau Suffolk Building and Construction Trades Council (the "NSBCTC"). On January 27, 2021, the NSBCTC informed the Funds by email of: (i) its intention to terminate the Agreement, effective January l, 2021; and (ii) that the NSBCTC has engaged another provider for your coverage effective January l,202L. The Funds have accepted the NSBCTC's notice of termination effective January 1, 2021. Accordingly, the Funds will retain contributions owed through that date. The Fund will likewise refund contributions paid for the months postdating January l, 2021.

14.     Defendant Al Wassell also sent Plaintiff a March 12, 2021 letter stating, in relevant part:

> I am writing in response to your letter requesting to retire and commence receipt of a benefit from the Pension Fund of Heat and Frost Insulators Local 12 (the "Fund or the Plan"). The Fund Office has determined that your request must be denied. The reasons for the Fund Office's decision are set forth below. Under ERISA, the federal law that governs the Plan, we are obligated to strictly adhere to the provisions of the Plan document. Section 3.1 of the Plan document provides that "An eligible Participant's entitlement to receive pension benefits is subject to his retirement and application for benefits . . . ." This requirement is highlighted in the Plan's summary plan description ("SPD"), which states in Section VI: "You must meet the following conditions before your pension benefits begin: (1) You must be eligible for a pension; (2) You must stop working; and (3) You must file a written application with the Board of Trustees." The SPD further indicates in Section II

that a participant must "retire" to be eligible to "retire on an Early Retirement Pension" or "retire on a Regular Pension." (Emphasis added). It is the Fund's understanding that you have remained continuously employed by the Nassau Suffolk Building and Construction Trades Council (the "NSBCTC"). Because you have never ceased working for the NSBCTC, you are not eligible under the terms of the Plan to commence receiving a pension benefit at this time. If you wish, you may appeal the above determination to the Fund's Board of Trustees, by written request filed with the Fund Office within 60 days of your receipt of this letter. In connection with your appeal, you (or your duly authorized representative) may submit written comments, documents, records, and other information relating to your claim. In addition, you will be provided, upon written request and free of charge, with reasonable access to (and copies of) all documents, records, and other information relevant to the claim.

15.     Defendants improperly refused to commence Plaintiff's pension and retiree health insurance and suspended or denied his pension and Welfare fund and other benefits. The refusal to provide benefits was an abuse of discretion and arbitrary and capricious and a breach of fiduciary duty.

16.     Per the terms of the Pension Fund of Heat and Frost Insulators Local 12 plan documents the Plaintiff meets the age and service requirements for and is entitled to a Regular Pension as that term is defined in the plan documents and retiree health insurance and any other benefit provided by the Pension Fund of Heat and Frost Insulators Local 12 or the Heat and Frost Insulators Local 12 Welfare Fund or other of the Defendants' employee benefit funds, including family health insurance and subordinate policies such as life insurance and other benefits covered through the Heat and Frost Insulators Local 12 Welfare Fund.

17.     At the time Plaintiff applied for his pension he met the age and service and other entitlements to the pension and health insurance entitlement demanded in this Complaint.

18.     Section 3.3 of the Pension Fund of Heat and Frost Insulators Local 12 plan document states sets a monthly amount of Pension benefit "for Participants who leave Covered Employment."

19.     "Covered Employment" is defined at Section 1.10 of the Pension Fund of Heat and Frost Insulators Local 12 plan (hereinafter the "Plan") as:

> Effective November 5th 2007, "Covered Employment" means employment of an Employee by an Employer including such employment prior to the Contribution Period. "Covered Employment" shall also be understood to include full-time service as an officer or employee of the Union, the Fund,  other Heat and Frost Insulators Funds or a state or local central labor council provided that contributions are made to the Fund with respect to such service equal in rate to the rate of contributions contemporaneously in effect for participating employers and employees.

20.     Section 1.11 of the Plan, defining the term "Employee," reads:

> Effective November 5th 2007, "Employee" mean any person employed by an Employer in a bargaining unit for which the Employer is obligated by its Agreement with the Union to contribute to the Fund. It shall also include employees of the Union, the Fund, other Heat and Frost Insulators Funds, and a state or local central labor council provided the contributions for such employees are made in accordance with the Fund.

21.     Section 1.11 of the Plan, defining the term "Employer," reads, in relevant part:

> Effective November 5th 2007 "Contributing Employer" or ""Employer" means any employer obligated by its collective bargaining agreement with the union to contribute to the fund or an employer signatory to any other agreement requiring contributions to the fund as established by the trustees that agrees to be bound by the trust agreement it should also include the union to fund other heat and frost insulators funds or a state local central labor council if contributions for its employees are made in accordance with this article …

22.     At the time Plaintiff retired and afterwards Plaintiff's employer, Building and Construction Trades Council of Nassau and Suffolk Counties, AFL-CIO, has not been obligated to contribute to the Pension Fund of Heat and Frost Insulators Local 12.

23.     As of Plaintiff's date of Retirement, Plaintiff has not been working for an "Employer" as that term is defined by the Pension Fund of Heat and Frost Insulators Local 12.

24.     As of Plaintiff's date of retirement Plaintiff has not been working in "Covered Employment" as that term is defined by the Pension Fund of Heat and Frost Insulators Local 12.

25.     Section 6.8 of the Plan reads, in relevant part:

To be considered retired, a Participant must have separated from Covered Employment. However the Plan's rules as to what constitutes retirement(and separation from Covered Employment for purposes of retirement)differ for periods before attainment of Normal Retirement Age and after attainment of Normal Retirement Age, as described in Section 6.9(a) and (b).

26.     Section 6.9(a) of the Plan reads, in relevant part:

Before normal retirement age the monthly benefit shall be suspended for any month in which the participant is employed in disqualifying employment before he has attained Normal Retirement Age. Disqualifying employment, for the period before Normal Retirement Age, is any employment covered by any collective bargaining agreement with the union.

27.     Since February 26, 2021 Plaintiff's employment has not been covered by any collective bargaining agreement or other document requiring contributions to the Pension Fund of Heat and Frost Insulators Local 12 Fund or any other Heat and Frost Insulators Local 12 employee benefit fund.

28.     The monthly pension and retiree health insurance benefits Plaintiff seeks are accrued benefits.

29.     Since Plaintiff's employer is not required to contribute to the Pension Fund of Heat and Frost Insulators Local 12 for Plaintiff's service to his employer or

otherwise, Plaintiff, as of February 26, 2021, is not engaged in "Covered Employment"

and is "retired" as those terms are defined by the Pension Fund of Heat and Frost

Insulators Local 12 Fund.

30.     The Pension Fund of Heat and Frost Insulators Local 12 Summary Plan

Description, p. 8 provides a participant who leaves "Covered Employment" and meets the

age and service requirements is entitled to a Regular Pension.

31.     The Pension Fund of Heat and Frost Insulators Local 12 Summary Plan

Description, p. 22 provides a participant who "reaches age 55 and have earned at least 10

Pension Credits" is "eligible to retire on an Early Retirement Pension."

32.     The Heat and Frost Insulators Local 12 Welfare Fund Summary Plan

Description reads, in relevant part:

> Active members who continue to work until age 60 and then retire while eligible
> for benefits, will continue to be eligible for Welfare Fund benefits excluding the
> Loss of Pay Supplement Benefits, until they turn age 65. Subsequent to a Retiree
> reaching age 65, he is still eligible for the Funds self-insured benefits excluding
> prescription drug coverage. The Fund will also pay a supplemental benefit for
> hospitalization that is not covered by Medicare Part A coverage. The deductible for
> Medicare is also paid by the Fund.

33.     Plaintiff, through his counsel, emailed Defendant Fund Manager Al Wassell and

overnight mailed on May 3, 2021 a letter dated May 3, 2021 appealing to the Defendants Board

of Trustees the Defendants' denial of pension, health and other retirement benefits to the

Plaintiff. Defendant Al Wassell acknowledged receipt of the May 3, 2021 letter. In that letter

Plaintiff's counsel detailed the reasons Plaintiff is eligible for immediate payment of his Pension

Fund of Heat and Frost Insulators Local 12 pension.

34.     By May 21, 2021 letter the Defendants Board of Trustees denied Plaintiff's

appeal.

35.    The Defendants' May 21, 2021 letter denying Plaintiff's appeal contains a party admission of the Defendants that, "The NSBCTC remitted contributions to the Fund on behalf of Mr. Aracich  via a participation agreement until January 1, 2021. Because the NSBCTC has ceased making contributions to the Fund, Mr. Aracich is no longer working in Covered Employment as defined by the plan document."

36.    The May 21, 2021 letter states the grounds for denying Plaintiff his pension is that Plaintiff "has never ceased performing work for his employer, the NSBCTC, he has not 'retired' as required under the terms of the Plan."

37.    Section 6.8 of the Plan does not require Plaintiff to cease working for an employer to be deemed 'retired' if the work Plaintiff performs for that employer is not Covered Employment, as that term is defined by the plan. The Defendants' May 21, 2021 letter admits Plaintiff as of his February 26, 2021 retirement date is not performing Covered Employment as that term is defined by the Pension Fund of Heat and Frost Insulators Local 12 plan documents.

38.    Defendants' Board of Trustees and the Defendant Fund Administrator Wassell's denial of the Plaintiff's pension entitlement and benefit was an abuse of discretion and arbitrary and capricious, as there is no reasonable interpretation of the plan documents that would result in a finding that Plaintiff is not "retired" under the terms of the Pension Fund of Heat and Frost Insulators Local 12 plan. The improper finding that Plaintiff is not 'retired' also resulted in Plaintiff being improperly denied retiree health insurance under the Heat and Frost Insulators Local 12 Welfare Fund.

39.    Plaintiff, through his counsel, emailed to Defendant Al Wassell and overnight mailed on June 25, 2021 a letter dated June 25, 2021 demanding Defendants provide Plaintiff health coverage pursuant to the terms of the Defendants' Welfare Fund of the Heat and Frost

Insulators Local 12. Plaintiff received no response to this letter other than the Funds' office

forwarding to Plaintiff's counsel COBRA notices purportedly sent to the Plaintiff. Upon

information and belief, retirees such as Plaintiff are entitled to health insurance coverage through

the Defendants' employee benefit health plan upon retirement. The Defendants' improper

determination that the Plaintiff is not "retired" has resulted in the improper denial of Plaintiff's

health coverage by the Defendants.

40.     According to its Summary Plan Description and plan documents, the Pension

Fund of Heat and Frost Insulators Local 12 is a trust fund established to provide retirement

benefits to employees working under the jurisdiction of the local unions which participate in the

Fund. The Trust Agreement and the Pension Plan govern the operation of the Pension Fund of

Heat and Frost Insulators Local 12 and the Defendants' employee benefit funds. The Defendant

Board of Trustees acts as a fiduciary in managing the Defendants' employee benefit funds'

operations, including determining participant applications for benefits and otherwise

administering the Defendants' employee benefit funds. The Board of Trustees, upon information

and belief, is made up of an equal number of union and employer representatives. The Defendant

Fund Manager Al Wassell also acts as a fiduciary of the Defendants' employee benefit funds, as

he makes decisions regarding eligibility for fund benefits including participation in the improper

denial of the Plaintiff's pension and health insurance benefits.

41.     Despite repeated demands by the Plaintiff, the Defendants have denied and

refused to pay the Plaintiff his pension and health insurance benefits and other benefits due and

owing pursuant to the plan documents of the Defendants' employee benefit funds including the

Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12

Welfare Fund plan documents.

42.     By appealing to the Defendants Board of Trustees the denial of his pension and health insurance benefits, the Plaintiff has exhausted his administrative remedies in attempting to collect his pension and health insurance and other benefits from the Defendants' employee benefit funds. Any further efforts by the Plaintiff to exhaust his administrative remedies to collect the pension and health insurance and other benefits due him under the Defendants' plan documents would be futile, as the Defendants have represented more than once that they will not pay these benefits.

43.     Upon information and belief, the Board of Trustees met in 2021 and amended the Pension Fund of Heat and Frost Insulators Local 12 plan to allow participants with 30 years' service credit and over 60 years old to receive a Regular Pension benefit as that term is defined in the Summary Plan Description and plan documents.

44.     Plaintiff never received notice of this amendment and is entitled receive a Regular Pension from the Pension Fund of Heat and Frost Insulators Local 12 effective February 26, 2021, together with damages for Defendants' failure to notify Plaintiff of this amendment which materially changed Plaintiff's entitlement to pension benefits.

45.     As a result of the Defendants' continuing failure to pay the Plaintiff the sums due and owing and wrongful denial of benefits, the Defendants have breached the plan documents and the terms of the Plans. The Plaintiff is a third party beneficiary of the Defendants' plan documents. The Plaintiff is entitled to commence a civil action under ERISA to recover benefits due to him under the terms the Defendants' employee benefit plans, to enforce his rights under the terms of the plans, or to clarify his rights to future benefits under the terms of the plans. 29 U.S.C. § 1132(a) (1) (B).

46.     As a result of the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) plus additional

pension payments and health insurance benefits and interest and damages accruing daily pursuant to 29 U.S.C. § 1132 through date of judgment and punitive damages in the amount of Ten Million Dollars ($10,000,000.00), and is entitled to equitable relief to recover retroactive and prospective benefits due to Plaintiff under the terms the Pension Fund of Heat and Frost Insulators Local 12 plan, the Heat and Frost Insulators Local 12 Welfare Fund, and the other of Defendants' employee benefit funds, and to enforce his rights under the terms of the Pension Fund of Heat and Frost Insulators Local 12 plan and Heat and Frost Insulators Local 12 Welfare Fund, or to clarify his rights to future benefits under the terms of the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund, including Ullico death benefit and Heat and Frost Insulators Local 12 Welfare Fund benefits, plus judgment for his attorneys' fees, disbursements and costs and punitive damages in the amount of Ten Million Dollars ($10,000,000.00) plus such other relief the Court deems proper.

## SECOND CAUSE OF ACTION
## (VIOLATION OF SECTION 510 OF ERISA)

47.     Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

48.     Prior to and after the Plaintiff retired and applied for his Pension Fund of Heat and Frost Insulators Local 12 pension and Heat and Frost Insulators Local 12 Welfare Fund retiree health benefits, the Defendants engaged in a scheme to intentionally interfere with the contractual and vesting rights and benefit entitlements of the Plaintiff in violation of Section 510 of ERISA, 29 U.S.C. by, *inter alia*, refusing to pay the Plaintiff the benefits to which he is entitled pursuant to the Pension Fund of Heat and Frost Insulators Local 12, the Heat and Frost Insulators Local 12 Welfare Fund and other benefit funds, by failing to provide the notice

required under ERISA for the amendment to the Pension plan, by disparately treating Plaintiff from other similarly situated Pension Fund of Heat and Frost Insulators Local 12 pension and Heat and Frost Insulators Local 12 Welfare Fund participants who received their pension and retiree health entitlements and benefits, and by otherwise inducing representatives of the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund and their counsel and representatives to interfere with the contractual and vesting rights of the Plaintiff and by refusing to authorize the benefits from the Pension Fund of Heat and Frost Insulators Local 12, the Heat and Frost Insulators Local 12 Welfare Fund, and other benefits such as health insurance and pension benefits due and owing to the Plaintiff under the terms of the Defendants' employee benefit funds which the Plaintiff is entitled after due demand therefore.

49.     Section 510 of ERISA proscribes interference with a participant's rights under a qualified benefit plan.

50.     The Defendants, in refusing to pay the Plaintiff monies owed to the Plaintiff pursuant to the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund plans and other benefits, interfered with the Plaintiff participant's rights under a qualified benefit plan.

51.     Section 502(a) (3) [29 U.S.C. § 1132) and 510 of ERISA permits a plan participant such as the Plaintiff to commence suit to (1) enjoin any act or practice which violates any provision of Title I of ERISA or the terms of the plan, or (2) obtain other appropriate equitable relief to redress such violations or enforce any provisions of Title I of ERISA or the terms of the plan. The Plaintiff is entitled to equitable relief requiring the Defendants to administer the Pension Fund of Heat and Frost Insulators Local 12 Plan and the Heat and Frost

Insulators Local 12 Welfare Fund and to pay the amounts that the Plaintiff is entitled to under these Defendants' plans.

52.     As a result of the foregoing the Plaintiff has been damaged in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) plus pension benefits and retiree health insurance coverage retroactive to February 26, 2021 and  additional pension payments and health insurance benefits prospectively and interest and damages accruing daily pursuant to 29 U.S.C. § 1132 through date of judgment and punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

53.     The Plaintiff is also entitled to equitable relief to recover benefits due to him under the terms the Pension Fund of Heat and Frost Insulators Local 12 plan and Heat and Frost Insulators Local 12 Welfare Fund and other of Defendants' plans, to enforce his rights under the terms of the Pension Fund of Heat and Frost Insulators Local 12 plan and the Heat and Frost Insulators Local 12 Welfare Fund, or to clarify his rights to future benefits under the terms of the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund, plus judgment for his attorneys' fees, disbursements and costs pursuant to 29 U.S.C. § 1132, punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus such other relief the Court deems proper.

### THIRD CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

54.     Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

55.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy among the parties involving the actual construction and scope of Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators

Local 12 Welfare Fund plan documents and their application to the Plaintiff pursuant to 29 U.S.C. § 1132(a)(3).

56.    The Plaintiff accrued the age and service and other requirements for a regular pension and health and other benefits under the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund.

57.    On retirement from employment the Plaintiff was entitled to payment of all benefits from those employee benefit plans.

58.    By reason of the foregoing, the Plaintiff is entitled to a declaratory judgment that he is a participant of the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund, that these plans are employee benefit plans as that term is defined by ERISA, that the Defendants have not administered these plans in compliance with ERISA, the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund's denial of Plaintiffs' monthly retirement benefits and health benefits, was arbitrary and capricious and an abuse of discretion and a violation of § 204(g) of ERISA (29 U.S.C. § 1054) and that the Plaintiff retired as of February 26, 2021 and is entitled to benefits under the Defendants' employee benefit plans including but not limited to immediate commencement of payment of pension benefits, retroactive to February 26, 2021, and to retiree health insurance and his current employment is not a bar to his Heat and Frost Insulators Local 12 Welfare Fund and Pension Fund of Heat and Frost Insulators Local 12 pension or health insurance benefits, together with such other relief the Court deems proper.

### FOURTH CAUSE OF ACTION
### (ERISA and COMMON LAW BREACH OF CONTRACT)

59.    Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

60.     "A pension plan is a unilateral contract which creates a vested right in those employees who accept the offer it contains by continuing in employment for the requisite number of years." *Pratt v. Petroleum Prod. Management Employee Sav. Plan,* 920 F.2d 651, 661 (10th Cir.1990) (internal quotation marks omitted); *Carr,* 816 F.Supp. at 1488 ("[P]ension benefit plans are unilateral contracts which employees accept by appropriate performance."). *Kemmerer v. ICI Americas Inc.*, 70 F.3d 281, 287 (3d Cir. 1995).

61.     As a result of the foregoing Defendants are liable to Plaintiff for breach of contract in an amount to be determined at trial, but in no event less than the pension benefits accruing to the Plaintiff from February 26, 2021 through date of judgment, interest on those benefits, the amount of any health insurance claims accruing post-January 1, 2021 and covered by the Heat and Frost Insulators Local 12 Welfare Fund, damages available pursuant to 29 U.S.C. § 1132 and such other relief the Court deems proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (ERISA BREACH OF FIDUCIARY DUTY)

62.     Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

63.     The Defendants Board of Trustees are plan sponsors of the Defendants' employee benefit funds, as that term is defined in the Employee Retirement Income Security Act of 1974. The Defendants Board of Trustees and Al Wassell exercise discretion and authority over these plans including over decisions regarding Plaintiff's entitlement to benefits from the Defendants' employee benefit funds. As such Defendants Board of Trustees and Al Wassell are and were at all relevant times fiduciaries of the Defendants' employee  benefit plans including the Heat and Frost Insulators Local 12 Welfare Fund and the Pension Fund of Heat and Frost Insulators Local 12,  as that term fiduciary is defined by the Employee Retirement Income Security Act of 1974

and exercised discretionary authority and control respecting management of these plans and have responsibility in the administration of these plans.

64.     The Defendants breached their fiduciary duty by denying Plaintiff his pension and health and other benefits owed under the Defendants' employee benefit funds and not complying with the reporting and disclosure requirements set forth in either 29 C.F.R. § 2520.104-23(b), 29 U.S.C. § 1030 or 29 U.S.C. § 1024(b), and by otherwise not making pension payments to the Plaintiff and providing retiree health insurance to the Plaintiff as provided for in the Heat and Frost Insulators Local 12 Welfare Fund and Pension Fund of Heat and Frost Insulators Local 12 plans in violation of 29 U.S.C. §§ 1104 and 1105.

65.     As a result of the foregoing the Plaintiff has been damaged in an amount to be determined at trial, but in an amount no less than Two Million Dollars plus pension benefits retroactive to February 26, 2021 and prospective, health coverage retroactive to February 26, 2021 and prospective, interest, attorneys' fees and other amounts allowed pursuant to 29 U.S.C. §§ 1109 and 1132, and punitive damages in the amount of Ten Million Dollars.

## **JURY TRIAL**

66.     The Plaintiff demands a jury trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, individually, jointly, and severally,  as follows:

1.  That the Court declare the legal rights, relations and duties of the parties with respect to the following matters:

    a.  On the First Cause of Action, damages in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) plus pension benefits retroactive to February 26, 2021 and prospective, health

coverage retroactive to February 26, 2021 and prospective, equitable relief to recover benefits due to Plaintiff under the terms the Pension Fund of Heat and Frost Insulators Local 12 plan and Heat and Frost Insulators Local 12 Welfare Fund, to enforce Plaintiff's rights under the terms of the Pension Fund of Heat and Frost Insulators Local 12 plan and Heat and Frost Insulators Local 12 Welfare Fund plan, or to clarify Plaintiff's rights to future benefits under the terms of the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund and other employee benefit funds, plus judgment for Plaintiff's attorneys' fees, liquidated damages, disbursements, costs and other amounts owed pursuant to 29 U.S.C. §1132 and punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus such other legal and equitable relief the Court deems proper.

b.  On the Second Cause of Action, damages in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) plus pension benefits retroactive to February 26, 2021 and prospective, health coverage retroactive to February 26, 2021 and prospective, and equitable relief to recover benefits due to Plaintiff under the terms the Pension Fund of Heat and Frost Insulators Local 12 plan and Heat and Frost Insulators Local 12 Welfare Fund, to enforce Plaintiff's rights under the terms of the Pension Fund of Heat and Frost Insulators Local 12 plan and Heat and Frost Insulators Local 12 Welfare Fund plan, or to clarify Plaintiff's rights to future benefits under the terms of the Pension Fund of Heat and Frost

Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund and other employee benefit funds, plus judgment for Plaintiff's attorneys' fees, liquidated damages, disbursements, costs and other amounts owed pursuant to 29 U.S.C. §1132 and punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus such other legal and equitable relief the Court deems proper.

c.  On the Third Cause of Action, a declaratory judgment that Plaintiff is a participant of the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund, that these plans are employee benefit plans as that term is defined by ERISA, that the Defendants have not administered these plans in compliance with ERISA, the Pension Fund of Heat and Frost Insulators Local 12 and Heat and Frost Insulators Local 12 Welfare Fund's denial of Plaintiffs' monthly retirement benefits and health benefits,  was arbitrary and capricious and an abuse of discretion and a violation of § 204(g) of ERISA (29 U.S.C. § 1054) and that the Plaintiff retired as of February 26, 2021 and is entitled to benefits under the Defendants' employee benefit plans including but not limited to immediate commencement of payment of pension benefits as a regular pension as that term is defined by the Defendant Pension Fund of Heat and Frost Insulators Local 12 plan, retroactive to February 26, 2021, and to retiree health insurance under the Heat and Frost Insulators Local 12 Welfare Fund and that Plaintiff's current employment is not a bar to his Heat and Frost Insulators Local 12 Welfare Fund and Pension Fund of

Heat and Frost Insulators Local 12 pension or health insurance or other benefits under the Defendants' employee benefit funds.

d.  On the Fourth Cause of Action for breach of contract, pension benefits under the Pension Fund of Heat and Frost Insulators Local 12 retroactive to February 26, 2021 and prospective, retiree health coverage under the Heat and Frost Insulators Local 12 Welfare Fund retroactive to January 1, 2021 and prospective, interest on those benefits, the amount of any health insurance claims accruing post-January 1, 2021 and covered by the Heat and Frost Insulators Local 12 Welfare Fund, damages including the costs and attorneys' fees available pursuant to 29 U.S.C. § 1132.

e.  On the Fifth Cause of Action for breach of fiduciary duty, an amount to be determined at trial but in no less than One Million Dollars, plus interest, attorneys' fees and other amounts allowed pursuant to 29 U.S.C. § 1132 and punitive damages in the amount of Ten Million Dollars, indemnification for retroactive Pension Fund of Heat and Frost Insulators Local 12 fund payments and Heat and Frost Insulators Local 12 Welfare Fund health insurance, and other damages available pursuant to 29 U.S.C. §§ 1109, 1132 and ERISA and federal common law.

f.  The costs, disbursements, pre-judgment and post-judgment interest and attorneys' fees of this action and other damages pursuant to 29 U.S.C. §1132;

g.  Injunctive relief requiring the Defendants to immediately pay the previously denied Pension Fund of Heat and Frost Insulators Local 12

monthly retirement benefits at the Regular Pension level as that term is

defined in the plan documents, and provide retiree health insurance

coverage benefits from January 1, 2021 and prospectively and that the

Defendants satisfy the terms and conditions of the Pension Fund of Heat

and Frost Insulators Local 12 and Heat and Frost Insulators Local 12

Welfare Fund and other employee benefit plans;

h.   such other and further legal and equitable relief and declaration of the

rights and legal relations of the parties to this action as the Court may

deem necessary and proper.

Dated:  White Plains, New York
            November 17, 2021

TRIVELLA & FORTE, LLP


*/s/Christopher Smith*_____
*Attorneys for the Plaintiff*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
914-949-9075