Joseph E. Clark (5252440)
Sydney L. Juliano (5865985)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MATTHEW ARACICH,

                       Plaintiff,

        v.

THE BOARD OF TRUSTEES OF THE
EMPLOYEE BENEFIT FUNDS OF HEAT &
FROST INSULATORS LOCAL 12; THE
EMPLOYEE BENEFIT FUNDS OF HEAT &
FROST INSULATORS LOCAL 12; THE BOARD
OF TRUSTEES OF THE PENSION FUND OF
HEAT AND FROST INSULATORS LOCAL 12
PLAN; THE PENSION FUND OF HEAT AND
FROST INSULATORS LOCAL 12 PLAN; THE
BOARD OF TRUSTEES OF THE HEAT AND
FROST INSULATORS LOCAL 12 WELFARE
FUND; THE HEAT AND FROST INSULATORS
LOCAL 12 WELFARE FUND; AL WASSELL, in
his capacity as Fund Manager of THE EMPLOYEE
BENEFIT FUNDS OF HEAT & FROST
INSULATORS LOCAL 12; and John Does 1-10,
whose identities are currently unknown, constituting
the trustees, plan administrators or fiduciaries of the
Employee Benefit Funds of Heat & Frost Insulators
Local 12 and the Pension Fund of Heat and Frost
Insulators Local 12 and the Heat and Frost Insulators
Local 12 Welfare Fund,

                  Defendants.

---

Case No. 7:21-cv-9622-VB

**DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF**
**<u>MOTION TO DISMISS</u>**

***Oral Argument Requested***

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ..................................................................................................................2

I.   ARACICH CANNOT WITHSTAND DISMISSAL BASED ON
     UNSUPPORTED AND CONCLUSORY ALLEGATIONS. ...........................................2

II.  ARACICH HAS PROVIDED NO BASIS FOR OVERTURNING THE
     TRUSTEES' REASONABLE DETERMINATION THAT HE DID NOT
     RETIRE, AND THUS THAT HE HAS NO VALID CLAIM FOR BENEFITS. ...............2

     A.   Aracich Fails To Establish That *De Novo* Review Applies To The Section
          502(a)(1)(B) Claims...................................................................................2

     B.   Aracich Has Not Plausibly Alleged A Basis For Finding That The
          Trustees Unreasonably Determined That He Has Not Retired. ..............................3

     C.   Aracich's Claim For Welfare Fund Benefits Should Be Dismissed For The
          Same Reasons As His Pension Benefit Claim, And Because He Did Not
          Exhaust Administrative Remedies. ..........................................................7

III. ARACICH DOES NOT DISPUTE THAT HIS SECTION 510 AND
     FIDUCIARY BREACH CLAIMS ARE DUPLICATIVE OF HIS BENEFIT
     CLAIMS, AND HE HAS NOT ALLEGED THE ELEMENTS OF THESE
     CLAIMS. ..................................................................................................8

     A.   The Complaint Fails To State A Claim For Breach Of Fiduciary Duty. ................8

     B.   Aracich Does Not Allege Any Adverse Employment Action To Support
          His Section 510 Claim. ...........................................................................9

IV.  THE COMMON LAW CONTRACT CLAIM IS PREEMPTED AND FAILS TO
     STATE A CLAIM. ......................................................................................9

V.   ARACICH FAILS TO PLAUSIBLY ALLEGE A VIOLATION OF ERISA'S
     "ANTI-CUTBACK" RULE...........................................................................9

CONCLUSION...............................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

Cases

*Abe v. N.Y. Univ.*,
   No. 14-cv-9323, 2016 WL 1275661 (S.D.N.Y. Mar. 30, 2016)................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................2

*BYD Co. v. VICE Media LLC*,
   531 F. Supp. 3d 810 (S.D.N.Y. 2021)......................................................2

*Central Laborers' Pension Fund v. Heinz*,
   541 U.S. 739 (2004)................................................................................10

*Cohen v. Liberty Mut. Grp. Inc.*,
   380 F. Supp. 3d 363 (S.D.N.Y. 2019).......................................................6

*Epstein v. N.Y.C. Dist. Council of Carpenters Benefit Funds*,
   No. 15-cv-2866, 2016 WL 1718262 (S.D.N.Y. Apr. 28, 2016) ................8

*Mayer v. Ringler Assocs. Inc.*,
   9 F.4th 78 (2d Cir. 2021) .........................................................................3

*Metzgar v. U.A. Plumbers & Steamfitters Loc. No. 22 Pension Fund*,
   No. 20-cv-3791, 2022 WL 610340 (2d Cir. Mar. 2, 2022)............................. passim

*Paneccasio v. Unisource Worldwide, Inc.*,
   532 F.3d 101 (2d Cir. 2008)......................................................................9

*Roganti v. Metro Life Ins. Co.*,
   786 F.3d 201 (2d Cir. 2015)......................................................................5

*Soto v. Disney Severance Pay Plan*,
   26 F.4th 114 (2d Cir. 2022) ......................................................................3

*Sunwoo v. JPMorgan Chase & Co.*,
   No. 20-cv-5410, 2021 WL 2443814 (S.D.N.Y. June 15, 2021) ................3

Other Authorities

*I.R.S. Priv. Ltr Rul. 201147033*, 2011 WL 5893533 (Nov. 25, 2011)............................6

## PRELIMINARY STATEMENT

Plaintiff Matthew Aracich does not dispute that the governing plan documents grant discretion to the Trustees[1] to interpret the terms of the Welfare Fund and Pension Plan, and thus to determine whether Aracich "retired,"—notwithstanding the undisputed fact that he has remained employed by the Council since it stopped contributing to the Funds in 2021—within the meaning of those terms.  And he has made no effort to distinguish the case law holding that, where such discretion is granted, a plan administrator's interpretation may be overturned only if it is arbitrary and capricious.  Instead, without citing any authority, Aracich argues that it is inappropriate for the Court to apply deferential review at the motion to dismiss stage, simply because he has contended in his Complaint that he is "retired" and thus entitled to commence pension benefits and receive coverage under the Welfare Fund.  But there is no legal support for deferring adjudication of the merits of Aracich's claim, based on the applicable standard of review, where—as here—there are no facts in dispute and the administrative record is properly before the Court.  Thus, in the absence of any basis for finding the Trustees' determination to be arbitrary and capricious, the Court must dismiss Aracich's claims for benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) ("Section 502(a)(1)(B)").

Because Aracich's other claims seek the same relief as the Section 502(a)(1)(B) claims— payment of pension benefits and coverage under the Welfare Fund—they have no independent viability.  The controlling authorities hold that Section 502(a)(1)(B) is the sole avenue for relief for benefit claims, and Aracich cites no contrary authority.  In any event, his claims for fiduciary breach, violation of Section 510 of ERISA, 29 U.S.C. § 1140 ("Section 510"), and violation of ERISA's "anti-cutback" rule independently are dismissible because he has failed to plead the

---

[1] Capitalized terms have the same definitions as set forth in Defendants' moving brief (Dkt. 26).

requisite elements of each claim.  And Aracich's state law breach of contract claim is preempted.

Accordingly, the Court should dismiss the Complaint in its entirety, with prejudice.

<u>**ARGUMENT**</u>

**I.    ARACICH CANNOT WITHSTAND DISMISSAL BASED ON UNSUPPORTED
<u>AND CONCLUSORY ALLEGATIONS</u>.**

Aracich does not dispute that a complaint must contain plausible allegations to survive a

motion to dismiss, and that courts deciding such motions cannot accept as true "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Dkt. 32 at 4.  And he cannot refute the

well-recognized principle that a court need not accept the truth of factual allegations that are

contradicted by documents properly considered on a motion to dismiss.  *See BYD Co. v. VICE*

*Media LLC*, 531 F. Supp. 3d 810, 825 (S.D.N.Y. 2021) (citations omitted).  Nevertheless,

Aracich maintains that the Complaint's allegations should be considered plausible, and suggests

that the Court must accept his allegations at face value, even though he offers no support for

these allegations and ignores the documents that contradict them.  Because his position is

directly at odds with the established pleading and procedural standards, the Court should reject it

and apply the correct standards in deciding Defendants' Motion.

**II.    ARACICH HAS PROVIDED NO BASIS FOR OVERTURNING THE TRUSTEES'
REASONABLE DETERMINATION THAT HE DID NOT RETIRE, AND THUS
<u>THAT HE HAS NO VALID CLAIM FOR BENEFITS</u>.**

**A.    Aracich Fails To Establish That *De Novo* Review Applies To The
<u>Section 502(a)(1)(B) Claims</u>.**

Aracich claims—without citing any authority—that the Court must apply a *de novo*

standard of review in evaluating Defendants' motion to dismiss the Section 502(a)(1)(B) claims,

because whether to apply a *de novo* or arbitrary and capricious standard of review in evaluating

these claims goes "to the merits."  *See* Dkt. 32 at 9.  He also argues that additional discovery is

needed to determine the proper standard.  *Id.*  Aracich is wrong on both counts.  It is entirely appropriate for the Court to apply, on a motion to dismiss, an arbitrary and capricious standard of review to benefit claims where, as here, the governing plan documents grant the Trustees discretionary authority.  And there is no need for discovery where, as here, the applicable plan documents are properly before the court.  *See, e.g.*, *Soto v. Disney Severance Pay Plan*, 26 F.4th 114, 120-21 (2d Cir. 2022) (determining appropriate standard of review for Section 502(a)(1)(B) claims at motion to dismiss stage, and holding that arbitrary and capricious standard of review applied because "[t]he Complaint and materials that it incorporates by reference" showed that the plan administrator was vested with discretionary authority); *Sunwoo v. JPMorgan Chase & Co.*, No. 20-cv-5410, 2021 WL 2443814, at *11-13 (S.D.N.Y. June 15, 2021) (applying deferential review and granting motion to dismiss Section 502(a)(1)(B) claim because plaintiff "fail[ed] to state a claim that the Plan Administrator acted arbitrarily and capriciously"); *see also* Dkt. 26 at 10-12.  Accordingly, the Court should dismiss Aracich's Section 502(a)(1)(B) claims if it concludes on the basis of the Complaint and documents before it that the denial was not "without reason, unsupported by substantial evidence, or erroneous as a matter of law."  *See Mayer v. Ringler Assocs. Inc.*, 9 F.4th 78, 89 (2d Cir. 2021) (citation omitted).

**B.**     **Aracich Has Not Plausibly Alleged A Basis For Finding That The Trustees Unreasonably Determined That He Has Not Retired.**

Aracich argues that the Trustees' decision to deny his claim was based on an erroneous interpretation of the terms "Contributing Employer" and "Covered Employment."  *See* Dkt. 32 at 5-11.  His position appears to be that, because the Council ceased to be a contributing employer to the Funds, he was no longer engaged in Covered Employment and thus the Trustees could not dispute that he had "retired" within the meaning of the Pension Plan Document.  *See id.* at 8.  The administrative record confirms, however, that the decision to deny Aracich's claim was not

based on any characterization of Aracich's employment as "covered."  Indeed, the Trustees acknowledged that the Council had ceased contributing to the Funds, and that as a result Aracich's continued employment no longer constituted Covered Employment.  Dkt. 27-8 at H&F Pension Fund_000118.  Instead, the Trustees denied Aracich's claim because he had not "separated" from Covered Employment, within the meaning of the Pension Plan Document: the initial claim denial concluded that Aracich was ineligible to commence benefits because he "never ceased working for the [Council]," and the appeal denial similarly determined that Aracich "had not experienced a separation from employment as required by the Plan document in order to be eligible to commence receiving a pension benefit."  Dkt. 27-6 at H&F Pension Fund_000112; Dkt. 27-8 at H&F Pension Fund_000118.[2]  The issue for the Court, then, is whether the Trustees acted in an arbitrary and capricious fashion when interpreting the term "retired" to preclude employees who had not separated employment from an employer that previously contributed to the Funds.  There is no basis for finding that to be the case; indeed, there is no basis for finding the Trustees' interpretation erroneous under any standard of review.

The Trustees' determination was consistent with both the Pension Plan Document's requirement that one "separate" from Covered Employment in order to "retire," and the plain meaning of the term.  Because under the terms of the plan *separation* from Covered Employment is a condition of retirement, the Trustees properly concluded that the Council's termination of the Participation Agreement, by itself, did not cause Aracich to retire.  *See* Dkt. 26 at 13; *see Metzgar v. U.A. Plumbers & Steamfitters Loc. No. 22 Pension Fund*, No. 20-cv-3791, 2022 WL

---

[2] Page 1 of the Opposition Brief (Dkt. 32) claims that Aracich retired as President of the Union in February 2021.  Defendants submit that this was inadvertent: Aracich left his position as *Business Manager* for the Union in 2018 (Dkt. 1 ¶ 7; Dkt. 26 at 6); the Complaint does not allege that Aracich *separated employment* from the Union in February 2021, nor does the Opposition Brief other than on page 1; and he continues to serve as President of the Council.

610340, at *1-2 (2d Cir. Mar. 2, 2022) (affirming district court and holding that pension plan fiduciaries' construction of the term "'retire' . . . [which] would simply require participants actually to retire first and to separate completely from their prior employment before becoming reemployed" was reasonable, and not arbitrary and capricious).

The prudence of the Trustees' decision is reinforced by the Pension Plan Document's requirement that the Trustees construe the plan with the intent of maintaining its tax-qualified status. *See* Dkt. 26 at 3. As previously explained, the Trustees reasonably concluded that, because the Pension Plan does not permit in-service distributions, it would not comply with the tax laws if it permitted pension payments to people younger than age 65 who had not separated from employment. The Trustees thus concluded that granting Aracich's claim for pension benefits would jeopardize the plan's tax-qualified status. *See* Dkt. 26 at 8, 13-15; *Metzgar*, 2022 WL 610340, at *2 (collecting cases and holding that fiduciaries' decision to suspend payments to participants who had not separated from employment "was not arbitrary and capricious because Defendants reasonably understood that it was necessary to avoid violating § 401(a) of the Internal Revenue Code . . . thereby jeopardizing the Fund's tax-exempt status").

Aracich offers no basis for disputing this reasoning other than conclusory assertions that there was "no reasonable reading of the plan documents" that justified denial of his claim. Dkt. 32 at 10. But blanket characterizations of administrative determinations as unreasonable do not make them so, or justify overturning the Trustees' decision here. *Cf. Roganti v. Metro Life Ins. Co.*, 786 F.3d 201, 212 (2d Cir. 2015) (explaining that plaintiff could establish that administrative determination was arbitrary and capricious by, for example, showing that plan administrator "arbitrarily refuse[d] to credit a claimant's reliable evidence" or showing that evidence before the administrator "points so decidedly in the claimant's favor that it would be

unreasonable to deny the claim" on the basis of the cited evidence) (citation omitted); *Cohen v. Liberty Mut. Grp. Inc.*, 380 F. Supp. 3d 363, 389 (S.D.N.Y. 2019) ("[W]here the administrator . . . interprets the plan in a manner inconsistent with its plain words, its actions may well be found to be arbitrary and capricious.") (quotation omitted).

Aracich fares no better with his efforts to distinguish the authorities cited in Defendants' moving brief as corroboration for the Trustees' determination. Aracich argues that *Metzgar* is irrelevant because the plan document in that case did not define the term "retire." Dkt. 32 at 17-18. But if anything, this fact strengthens the grounds for relying on the decision. Both the district court and the Second Circuit—which recently affirmed the district court ruling—concluded, based on the ordinary meaning of "retire" and the relevant authorities and guidance, that defendants reasonably determined that one must actually separate from employment to retire. *See Metzgar*, 2022 WL 610340, at *2-3 (considering plan document, ordinary meaning of "retire" and applicable authorities, and concluding that defendants' decision was reasonable, and not arbitrary and capricious); Dkt. 26 at 15. The same conclusion readily holds here, where the Pension Plan Document defined "retire" to mean separation from employment.

Aracich's focus on the facts presented in the cited I.R.S. Private Letter Ruling (Dkt. 26 at 14-15) is similarly misplaced. Irrespective of the facts, the letter ruling concludes that

> an employee legitimately retires when he stops performing service for the employer and there is not the explicit understanding between the employer and employee that upon retirement the employee will immediately return to service with the employer. That an employee severs his employment with the employer when he retires is directly expressed in the definition of the word retire . . . .

*I.R.S. Priv. Ltr Rul. 201147033*, 2011 WL 5893533 (Nov. 25, 2011). Here, Aracich never even "stop[ped] performing service" for the Council. Accordingly, based on a review the applicable authorities and guidance, the Trustees reasonably concluded that Aracich never retired and

payment of early retirement benefits to him would violate the Internal Revenue Code.

The Court therefore should dismiss Aracich's claim for pension benefits.

C.      **Aracich's Claim For Welfare Fund Benefits Should Be Dismissed For The Same Reasons As His Pension Benefit Claim, And Because He Did Not Exhaust Administrative Remedies.**

As previously explained, the Welfare Fund SPD provides coverage to Union members who work until age 60 and then "Retire," as that term is defined by the Pension Plan Document. Dkt. 26 at 4-5.  Accordingly, the Court should dismiss the Section 502(a)(1)(B) claim for Welfare Fund benefits for the same reasons stated above with respect to his claim for pension benefits.  The Court also should dismiss this claim because Aracich failed to exhaust the Welfare Fund's administrative remedies.  *See* Dkt. 26 at 16-17.

Aracich contends, with no support, that the Court may not dismiss this claim for failure to exhaust administrative remedies, because that "goes to the merits."  Dkt. 32 at 11-12.  This is wrong.  Courts routinely dismiss benefit claims where the plaintiff fails to plausibly allege that he exhausted administrative remedies.  *See, e.g.*, *Abe v. N.Y. Univ.*, No. 14-cv-9323, 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016) (collecting cases and granting motion to dismiss based in part on plaintiff's failure to plausibly allege exhaustion).

As with his other claims, Aracich does not allege any facts to support his conclusory assertion that he exhausted, or that exhaustion was futile.  *See* Dkt. 32 at 11-12.  He cannot dispute that he did not submit the information or documents required for a claim by the Welfare Fund SPD.  Moreover, the two purported demands or requests for Welfare Fund coverage Aracich identifies at most constituted inquiries about his eligibility for such coverage.  The Welfare Fund SPD expressly states that such inquiries are not claims for benefits.  *See* Dkt. 26 at 5, 8-9.  Finally, Aracich's unsupported contention that exhaustion would have been futile ignores the case law holding that a plaintiff alleging futility must support this claim with "more than just

conclusory statements." *See Epstein v. N.Y.C. Dist. Council of Carpenters Benefit Funds*, No. 15-cv-2866, 2016 WL 1718262, at \*3 (S.D.N.Y. Apr. 28, 2016).  Aracich has not done so.

### III.   ARACICH DOES NOT DISPUTE THAT HIS SECTION 510 AND FIDUCIARY BREACH CLAIMS ARE DUPLICATIVE OF HIS BENEFIT CLAIMS, AND HE HAS NOT ALLEGED THE ELEMENTS OF THESE CLAIMS.

The Opposition Brief does not dispute that Aracich's fiduciary breach and Section 510 claims seek relief duplicative of that sought by his Section 502(a)(1)(B) claims.  *Compare* Compl. ¶¶ 46, 52-53, 65; *see also* Dkt. 32 at 11-13.  For the reasons explained in Defendants moving brief—which Aracich fails to refute—these claims should be dismissed on this basis. *See* Dkt. 26 at 17-18.  They independently should be dismissed for failure to state a claim.

### A.    The Complaint Fails To State A Claim For Breach Of Fiduciary Duty.

The fiduciary breach claim is premised on conclusory allegations with no supporting facts, and the Opposition Brief fails to refute the arguments for dismissal.  First, Aracich cannot dispute that the claim should be dismissed if, for the reasons stated, the Trustees reasonably denied his claim for benefits consistent with the plan documents.  *See* Dkt. 26 at 18-19; *Metzgar*, 2022 WL 610340, at \*3 (where fiduciaries modified previous interpretation of plan and suspended pension payments to participants who had not separated employment, holding that "Plaintiffs do not show how Defendants' decision . . . to correct what they reasonably thought was an erroneous interpretation of the Plan in order to protect its tax-exempt status demonstrated a failure to exercise [fiduciary duties of] 'care, skill, prudence, and diligence'") (citation omitted).  Second, Aracich does not identify any false or misleading statements to support his claim that Defendants misrepresented the terms of the governing plan documents.  Finally, he does not explain how Defendants breached any alleged disclosure requirements.  *See* Dkt. 32 at 12-13; Dkt. 26 at 19.  Aracich thus fails to state a fiduciary breach claim.

**B.    Aracich Does Not Allege Any Adverse Employment Action To Support His
Section 510 Claim.**

Aracich does not dispute that a Section 510 claim must be dismissed if it does not allege
that defendant took an adverse employment action against plaintiff, *see* Dkt. 26 at 19-21, and yet
he still has not alleged that Defendants took any adverse employment action against him.  His
failure to do so compels dismissal of the Section 510 claim.

**IV.    THE COMMON LAW CONTRACT CLAIM IS PREEMPTED AND FAILS TO
STATE A CLAIM.**

Aracich's state law breach of contract claim is clearly preempted because it is expressly
premised on denial of benefits from the Funds.  *See* Dkt. 26 at 21-22; *Paneccasio v. Unisource
Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (affirming dismissal, on preemption grounds,
of state law breach of contract claim, where the claim was "premised on the . . . denial of
benefits under th[e] Plan;" "ma[de] explicit reference to the Plan;" and "would require reference
to the Plan in the calculation of any recovery").  In any case, this claim should be dismissed for
the same reason as Aracich's Section 502(a)(1)(B) claims.

**V.    ARACICH FAILS TO PLAUSIBLY ALLEGE A VIOLATION OF ERISA'S
"ANTI-CUTBACK" RULE.**

The Opposition Brief does not appear to dispute that the anti-cutback rule is implicated
only by actual plan amendments, and it provides no legal basis for doing so.  *See* Dkt. 32 at 14-
15; Dkt. 26 at 22; *see also Metzgar*, 2022 WL 610340, at *3 (affirming dismissal of anti-cutback
claim because defendants did not amend the plan, and confirming that "[e]ven broadly
interpreted, the word 'amendment' contemplates that the actual terms of the plan changed in
some way, . . . or that the plan improperly reserved discretion to deny benefits") (citation
omitted).  Despite this, and although he possesses the plan documents and amendments, Aracich
has not identified any amendments made to the plan terms at issue in this case.

Unable to resort to an actual plan amendment, Aracich contends that his anti-cutback claim is viable because Defendants "attempted to amend" the Funds' definitions of "Contributing Employer" and "retired." But he provides no facts to support this allegation, or even to support a claim that the Trustees at some time modified their interpretation of the relevant plan terms.[3] In any case, a reasonable interpretation, or even re-interpretation, of existing plan terms is not an amendment that could support an anti-cutback claim. *See Metzgar*, 2022 WL 610340, at *3 (holding that reinterpretation of existing plan terms was not a plan amendment).

For these reasons, Aracich's reliance on *Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739 (2004), is unavailing. At issue in *Heinz* was whether early retirement benefits could be suspended under a pension plan's definition of "disqualifying employment." *Id.* at 742. After plaintiff retired, commenced his early retirement benefit and took a job not covered by this definition, defendants formally amended the plan to expand the definition to include plaintiff's employment, and suspended payment of his benefits. *Id.* at 742-43. The Supreme Court concluded that this conduct violated the anti-cutback rule. *Id.* at 741, 743. *Heinz* clearly is inapposite because the Pension Plan Document's definition of "retired" has not been amended.

In short, the Court should dismiss Aracich's anti-cutback claim.

## **CONCLUSION**

For the reasons explained above, this Court dismiss Plaintiff's Complaint with prejudice.

---

[3] Aracich claims, with no context or other support, that some Pension Fund participants receive early retirement pensions despite continuing employment. Dkt. 32 at 16. This claim—which was not in the Complaint—does not come close to meeting the plausibility threshold, and in any event it does not show that the Pension Plan Document or Welfare Fund SPD was amended.

Dated: March 16, 2022
      New York, NY

Respectfully submitted,

*/s/ Joseph E. Clark*
Joseph E. Clark
Sydney L. Juliano
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
jclark@proskauer.com
sjuliano@proskauer.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on March 16, 2022, I caused a true and correct copy of the

foregoing Reply Brief In Support Of Motion To Dismiss to be served on all counsel of record via

the Court's electronic filing system (CM/ECF).

/s/ *Joseph E. Clark*
Joseph E. Clark

*Counsel for Defendants*